IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-cv-18-F

| | | |
|---|---|---|
| ALICE HOLDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| TOWN OF ZEBULON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the Motion to Dismiss [DE-7] filed by Defendant Town of Zebulon, and the Motion for Speedy Review of Evidence [DE-13] filed by *pro se* Plaintiff Alice Holder. For the reasons stated below, the Motion for Speedy Review of Evidence [DE-13] is DENIED, and Motion to Dismiss [DE-7] is ALLOWED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts, as alleged in the Complaint, are as follows. On or about November 20, 2009, Plaintiff was involved in an argument at the Rams Food Mart. At least two Zebulon police officers arrived at Rams Food Mart, in response to a call regarding the argument. One of the officers, Officer Denny, began to speak with Plaintiff. During this conversation, "Officer B. Lane . . . intervened by forcing Plaintiff, against her will, chest down on the hood of her vehicle." Compl. [DE-1-2] p. 2, ¶ 6. According to Plaintiff, despite the fact that she was not placed under arrest or given *Miranda* warnings, Officer Lane placed her "hands behind her back, by force and against the will of the Plaintiff, and handcuffed her. *Id.* ¶¶ 7-8. "Officer Lane then proceeded [to] lift Plaintiff from the

hood of the vehicle by her arms, bringing her to an upright position and proceeded to turn Plaintiff back over to Officer Denny." *Id.* ¶ 9. Plaintiff alleges that Officer Lane's actions "exacerbated a pre-existing physical condition Plaintiff had relative to her neck and back." *Id.* ¶ 13. Plaintiff also alleges that "since 2009, [she] has been subject to unwarranted traffic stops and other forms of harassment" by the Zebulon police department. *Id.* ¶ 12. Plaintiff alleges a claim under § 1983, asserting that Lane lacked probable cause to arrest her, and that his physical actions against her were perpetrated "intentionally, in bad faith, or with a reckless indifference that his actions would cause harm to Plaintiff." *Id.* ¶¶ 14-18. Plaintiff's claim is asserted solely against Defendant, The Town of Zebulon.

Plaintiff, then represented by counsel, commenced a civil action in the Superior Court of Wake County on November 19, 2012, by filing and having approved by the clerk an Application and Order Extending Time to File Complaint, pursuant to Rule 3(a) of the North Carolina Rules of Civil Procedure.[1] The clerk's order allowed Plaintiff until December 9, 2012, to file her complaint. Plaintiff's then-counsel filed the complaint one day past the deadline set forth in the clerk's order, December 10, 2012. A Notice of Voluntary Dismissal Without Prejudice was filed in the state court action on December 19, 2012.

Plaintiff, now proceeding *pro se*, initiated the instant action by filing the Complaint in the Superior Court of Wake County on December 11, 2013. Defendant filed a Notice of Removal [DE-1] in this court on January 10, 2014, pursuant to 28 U.S.C. § 1441, asserting federal question

---

[1] Defendant set forth this procedural history in its Memorandum in Support of Its Motion to Dismiss [DE-8], but did not attach any documents or records to support its recitation. Plaintiff, in response to the Motion to Dismiss, has provided the state court documents supporting this procedural history. *See* State Court Documents [DE-11-1].

2

jurisdiction. Four days later, Defendant filed the Motion to Dismiss, arguing that Plaintiff's claims are barred by the statute of limitations, and that she has failed to state claim.

After the Motion to Dismiss was fully briefed, Plaintiff filed a Motion for Speedy Review of Evidence, attaching 121 pages of documentation purportedly supporting her claims against the Town of Zebulon.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to challenge the sufficiency of the allegations in the complaint. A motion to dismiss under this rule determines only whether a claim is stated on the facts alleged; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In order to survive a motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff[,]" but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com. Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Nor does the court accept as true "'unwarranted inferences, unreasonable conclusions, or arguments.'" *Id.* (quoting *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009)). When considering a motion to dismiss, the court must keep in mind that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 93 (internal citation omitted). Notwithstanding the courts obligation to liberally construe a

3

*pro se* plaintiff's allegations, however, the court cannot ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Moreover, dismissal is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense. *See Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir.1996); *see generally,* 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 ("A complaint showing that the statute of limitations has run on the claim is the most common situation in which the affirmative defense appears on the face of the pleading," rendering dismissal appropriate). In ruling on a motion to dismiss, the court may take judicial notice of matters of public record without converting the motion into one for summary judgment. *Clark v. BASF Salaried Employees' Pension Plan*, 329 F. Supp. 2d 694, 697 (W.D.N.C. 2004).

## IV. ANALYSIS

Defendant argues that Plaintiff's claim is barred by the applicable statute of limitations, and that she fails to state a claim against Defendant under § 1983. The court finds Defendant's statute of limitations argument to be without merit, but agrees with Defendant that Plaintiff has failed to adequately allege a claim against it.

### A.  Plaintiff's § 1983 claim is not barred by the statute of limitations

Rule 3 of the North Carolina Rules of Civil Procedure governs the commencement of actions in North Carolina courts, and does not limit the commencement of actions to the filing of complaint. N.C. R. Civ. P. 3(a); *Hovey v. Fed. Emergency Mgmt. Agency,* No. 2:07-CV-34-FL, 2008 WL 2113171, at *1 (E.D.N.C. May 19, 2008). Rather, a plaintiff may commence a civil action by

4

applying for and obtaining an order from the clerk stating the nature and purpose of the action and permitting the person to file a complaint within 20 days, and having a summons issued therewith before the limitations period expires. N.C. R.Civ.P. 3(a); *see Hovey*, 2008 WL 2113171, at *1. Under Rule 3(a), an action is commenced when a summons is issued. N.C. R. Civ. P. 3(a). The rule expressly provides that "[i]f the complaint is not filed within the period specified by the clerk's order, the action shall abate." *Id.*; *see Cannon v. Kroger Co.*, 837 F.2d 660, 661 n.2 (4th Cir. 1998)("[F]ailure to file a full complaint within the 20-day extension period would abate the action."). North Carolina courts have recognized that in this context, the "word abate means that the action is utterly dead and cannot be revived except by commencing a new action." *Osborne v. Walton*, 110 N.C. App. 850, 853, 431 S.E.2d 496, 498 (1993).

Here, Plaintiff alleges a claim arising under § 1983. It is undisputed that the applicable statute of limitations for a § 1983 claim arising in North Carolina is three years. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Nat'l Adver. Co. v. City of Raleigh*, 947 F.2d 1158, 1162 (4th Cir. 1991); N.C. Gen. Stat. § 1-52. Moreover, the parties have assumed that the savings provision of Rule 41(a) of the North Carolina Rules of Civil Procedure applies to § 1983 actions commenced in North Carolina state courts. *See Cannon v. Exum*, 799 F.2d 751, 1986 WL 17225, at *2 (4th Cir. Aug. 13, 1986) (per curiam) (observing that federal courts should not only apply the analogous state statute of limitations for § 1983 claims, but also should apply the state's rule for tolling the statute of limitations, and concluding that North Carolina Rule of Civil Procedure 41(a)(1) is applicable to § 1983 claims). Rule 41(a)(1) provides that if a plaintiff voluntarily dismisses a filed action without prejudice, a new action on the same claim may be filed within one year of the dismissal, even if otherwise barred by the statute of limitations. *See* N.C. R. Civ. P. 41(a).

In this case, Plaintiff alleges that the incident giving rise to her § 1983 claim occurred on

November 20, 2009,[2] making November 20, 2012, the last date on which Plaintiff could have filed the claim. Defendant represents, and the record reflects, that on November 19, 2012–one day prior to the statute of limitations expiring–Plaintiff sought and was granted an order from the clerk for a 20-day extension of time in which to file her complaint, up to and including December 9, 2012. Additionally, the clerk issued a civil summons, and thereby complied with the requirements of Rule 3 for commencing an action without a complaint.

It also is undisputed that Plaintiff eventually filed the original state court complaint[3] on December 10, 2012–one day beyond the 20-day extension in the clerk's order. Defendant argues that the because Plaintiff failed to file her complaint before the extension expired, that action abated in accordance with the specific language in Rule 3. According to Defendant, Plaintiff's later filing of a notice of voluntary dismissal on December 19, 2012, pursuant to Rule 41(a) of the North Carolina Rules of Civil Procedure had no impact because the case already had abated.[4]

Defendant's argument would be well-taken, if the court could not take judicial notice of the fact that December 9, 2012, fell on a Sunday. Rule 6(a) of the North Carolina Rules of Civil

---

[2] Defendant argues that the incident giving rise to Plaintiff's claim occurred on September 16, 2009. The Complaint, however, alleges that the incident occurred on November 20, 2009. On a motion to dismiss, as Defendant is aware, the court must accept the well-pleaded factual allegations as true. Defendant offers no argument as to why this court should disregard Plaintiff's allegation as to date of the incident, nor does Defendant proffer evidence, such as a matter of public record, of which the court can take judicial notice without converting this motion to dismiss into a motion for summary judgment. *See Phillips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Accordingly, the court assumes for purposes of this motion that the incident giving rise to Plaintiff's claim occurred on November 20, 2009.

[3] Plaintiff asserts in her response to the motion to dismiss that her then-attorney forged her name on both the complaint and the subsequent notice of voluntary dismissal. The court does not reach the issue of whether Plaintiff's signature was forged.

[4] Rule 41(a)(1) is important because if the original state court action was still active, the filing of the Notice of Voluntary Dismissal had the effect of giving Plaintiff until December 19, 2013 to re-file her action. As the court already has observed, Plaintiff did in fact re-file her action in state court on December 11, 2013.

6

Procedure provides, in pertinent part, that in computing any period of time allowed by an order of a court, "[t]he last day of the period so computed is to be included, unless it is a Saturday, Sunday, or a legal holiday when the courthouse is closed for transactions, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or a legal holiday when the courthouse is closed for transaction." N.C. Civ.R. P. 6(a). Accordingly, although the clerk's order provided that Plaintiff had to file her original state court complaint by December 9, 2012, because that date fell on a Sunday, Plaintiff actually had until December 10, 2012, to do so. *See Seafare Corp. v. Trenor Corp.*, 88 N.C. App. 404, 409, 363 S.E. 2d. 643, 648 (1988) (explaining that where plaintiff obtained an order extending the time to file its complaint until a date that fell on a Sunday, plaintiff had an extra day to file complaint).

Plaintiff's original state court action, therefore, did not "abate" within the meaning of Rule 3(a). Defendants' motion to dismiss on the basis of the statute of limitations is therefore DENIED.

## B.  Plaintiff has failed to state a claim against Defendant, a municipality

Plaintiff attempts to assert a claim against Defendant, The Town of Zebulon, for a violation of § 1983. A municipality, however, cannot be held liable under § 1983 on a respondeat superior theory of liability. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Rather, to establish liability of the entity, a plaintiff must allege facts showing that: (1) a government actor deprived the plaintiff of her federal rights; and (2) the harm was the result of municipal policy or custom. *Id.* "This requirement limits municipal liability under section 1983 to those actions for which the municipality is actually responsible by distinguishing between acts attributable to the municipality and acts attributable only to municipal employees." *Hill v. Robeson County*, 733 F. Supp. 2d 676, 683 (E.D.N.C. 2010) (citing *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403-

7

Case 5:14-cv-00018-F   Document 15   Filed 06/24/14   Page 7 of 10

04 (1997) and *Riddick v. Sch. Bd. of Portsmouth*, 238 F.3d 518, 523 (4th Cir. 2000)). A policy or custom for which a local government entity may be held liable may arise in four ways:

> (1) through an express policy, such as written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest[s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."

*Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (quoting *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999)).

Assuming that Plaintiff has alleged sufficient facts to show a constitutional violation, she nevertheless has failed to allege any facts which give rise to the inference that the constitutional violation was a result of a custom or policy of the Town of Zebulon. She fails to allege that an express policy caused any constitutional violations. She fails to allege that any constitutional violation was caused by a decision of a person with final policymaking authority. She fails to allege that the Town of Zebulon failed, for example, to properly train its police officers. Finally, she fails to allege facts showing that a constitutional violation was caused by a widespread practice amounting to a custom of the Town of Zebulon. In sum, Plaintiff has failed to allege a § 1983 claim against Defendant. Defendant's Motion to Dismiss for failure to state a claim is therefore ALLOWED.

The court is cognizant that it has the discretion to dismiss a claim with or without prejudice, and where a defect in the complaint is curable, a claim should be dismissed without prejudice, even if the court has doubts that a plaintiff will be able to overcome the defects. *See Ostrzenski v. Seigel*, 177 F.3d 245, 252-53 (4th Cir. 1999) (explaining that ordinarily a court, when ruling on a motion to dismiss, should allow a plaintiff to file at least one amended complaint " 'regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that

the court will be able to determine conclusively on the face of a defective pleading whether plaintiff can actually state a claim' ") (quoting 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1357, at 360-67 (2d ed 1990)). Here, the court cannot say on the record before it that defects in the present complaint are incurable. Accordingly, Plaintiff's Complaint is DISMISSED without prejudice to Plaintiff to file an Amended Complaint within twenty-one days of the filing date of this Order. If Plaintiff fails to file an amended complaint within that time period, the court will, without further notice, issue an order dismissing this case with prejudice. If, however, Plaintiffs do file an amended complaint within that time period, Defendants may file an answer or other responsive motion within the time period allowed by the Federal Rules of Civil Procedure and the Local Rules.

## C.     Motion for Review of Evidence

Plaintiff has submitted over 121 pages of documents to the court, in support of her Motion for Speedy Review of Evidence [DE-13]. The court finds that the review of evidence to be premature at this juncture, and Plaintiff's motion is therefore denied.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [DE-7] is ALLOWED, and Plaintiff's Complaint is DISMISSED without prejudice to Plaintiff to file an Amended Complaint within twenty-one days of the filing date of this Order. If Plaintiff fails to file an amended complaint within that time period, the court will, without further notice, issue an order dismissing this case with prejudice. If, however, Plaintiff does file an amended complaint within that time period, Defendant may file an answer or other responsive motion within the time period allowed by the Federal Rules. Plaintiff's Motion for Speedy Review of Evidence [DE-13] is DENIED.

SO ORDERED.

This the 24 day of June, 2014.

*James C. Fox*
James C. Fox
Senior United States District Judge