IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-cv-18-F

ALICE HOLDER, )
)
Plaintiff, )
)
)
)
) **ORDER**
v. )
)
TOWN OF ZEBULON, )
)
)
Defendant. )

This matter is before the court on the Motion to Dismiss Plaintiff's Amended Complaint [DE-19] filed by Defendant Town of Zebulon. For the reasons stated below, the motion is ALLOWED, and Plaintiff's Amended Complaint is DISMISSED.

Plaintiff, proceeding *pro se*, initiated the instant action by filing a Complaint in the Superior Court of Wake County on December 11, 2013, alleging a claim against Defendant for a violation of 42 U.S.C. § 1983. After filing a Notice of Removal [DE-1] in this court, Defendant filed a motion to dismiss, arguing that Plaintiff's claims were barred by the statute of limitations, and that she had failed to state claim. In an order filed June 24, 2014 [DE-15], the court allowed the motion to dismiss for failure to state a claim, but without prejudice to Plaintiff to file an amended complaint. Specifically, the court explained that Plaintiff had failed to allege sufficient facts to state a claim under § 1983 against Defendant, a municipality. *Id.* at 7-8 (explaining that to establish liability against a municipality under § 1983, a plaintiff must allege facts showing that her injury was the result of municipal policy or custom).

Plaintiff filed an Amended Complaint [DE-16] on July 15, 2014. Defendant moved to dismiss the Amended Complaint, arguing that Plaintiff has failed to correct the deficiencies that were present in the original Complaint.

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to challenge the sufficiency of the allegations in the complaint. A motion to dismiss under this rule determines only whether a claim is stated on the facts alleged; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In order to survive a motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff[,]" but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com. Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Nor does the court accept as true "'unwarranted inferences, unreasonable conclusions, or arguments.'" *Id.* (quoting *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009)). When considering a motion to dismiss, the court must keep in mind that " a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 93 (internal citation omitted). Notwithstanding the courts obligation to liberally construe a *pro se* plaintiff's allegations, however, the court cannot ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

2

The court agrees with Defendant that Plaintiff's allegations in the Amended Complaint fail to correct the deficiencies of the original Complaint. As the court previously explained, to establish liability of a municipality, like Defendant, under § 1983, a plaintiff must allege facts showing that: (1) a government actor deprived the plaintiff of her federal rights; and (2) the harm was the result of municipal policy or custom. *Id.* "This requirement limits municipal liability under section 1983 to those actions for which the municipality is actually responsible by distinguishing between acts attributable to the municipality and acts attributable only to municipal employees." *Hill v. Robeson County,* 733 F.Supp. 2d 676, 683 (E.D.N.C. 2010) (citing *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403-04 (1997) and *Riddick v. Sch. Bd. of Portsmouth*, 238 F.3d 518, 523 (4th Cir. 2000)). A policy or custom for which a local government entity may be held liable may arise in four ways:

> (1) through an express policy, such as written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest[s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."

*Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (quoting *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999)).

Even if the court assumes that Plaintiff alleges sufficient facts in the Amended Complaint to show a constitutional violation, she still has failed to allege any facts which give rise to the inference that a constitutional violation was a result of the custom or policy of the Town of Zebulon. As was the case with her deficient allegations in the original Complaint, Plaintiff fails in the Amended Complaint to allege that an express policy caused any constitutional violations. She fails to allege that any constitutional violation was caused by a decision of a person with

3

final policymaking authority. She fails to allege that the Town of Zebulon failed, for example, to properly train its police officers. Finally, she fails to allege facts showing that a constitutional violation was caused by a widespread practice amounting to a custom of the Town of Zebulon. Consequently, Plaintiff fails to allege a § 1983 claim against Defendant, and Defendant's Motion to Dismiss the Amended Complaint is therefore ALLOWED.

Plaintiff's Amended Complaint is DISMISSED, and the Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This the 5th day of September, 2014.

*James C. Fox*
James C. Fox
Senior United States District Judge